UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL LORUSSO,
      Petitioner,

vs.                          Case No.:  1:25cv201/MCR/ZCB

PAM BONDI,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner has filed a *pro se* second amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 5).  The habeas petition appears to challenge Petitioner's ongoing state criminal proceedings in the Sixth Judicial Circuit, Pinellas County, Florida.  (*Id.*).  Petitioner is currently confined in the North Florida Evaluation and Treatment Center in Gainesville, Florida, for competency restoration.  (*Id.*).  For the reasons below, this case should be dismissed because it does not state a legal or factual basis for habeas relief, and abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

1

## I.    Background

Petitioner alleges Respondent Bondi, the United States Attorney General, is violating his rights to due process rights and access to the courts. (Doc. 5 at 3). He does not allege how the state criminal prosecution or pre-trial detention violates those rights. Nor has he plausibly explained how Respondent Bondi—who has no role in the commencement of state court criminal prosecutions—violated Petitioner's rights. Instead, he discusses another federal habeas proceeding in the Middle District of Florida, *Lorusso v. Gualtieri*, No. 5:24-cv-705-KKM-PRL, and alleges the respondent in that case (Pinellas County Sheriff Bob Gualtieri) failed to respond to a court order. (Doc. 5 at 3-4; Doc. 4-1 at 1, 3-5).[1] Petitioner also references the "Jeffrey Epstein files" and attempts to tie those "files" to the victim of Petitioner's pending state criminal charges. (*Id.* at 3-4). Petitioner additionally references the "Kilmar Garcia prosecution" in the State of Tennessee. (*Id.* at 4).

---

[1] The Court has viewed the docket of that case on the Public Access to Court Electronic Records (PACER) database. Respondent Gualtieri filed a timely answer to Petitioner's habeas petition on June 13, 2025. *Lorusso*, No. 5:24-cv-705-KKM-PRL, Response, Doc. 22 (M.D. Fla. June 13, 2025).

Petitioner does not identify the relief he seeks in this habeas action.  (*Id.* at 6).

## II.    Discussion

### A.    Petitioner's habeas petition does not state a legal or factual basis for habeas relief.

Under the Rules Governing § 2254 Cases,[2] the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.  Rule 4 thus authorizes federal district courts to pre-screen and dismiss a frivolous habeas corpus petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856

---

[2] These Rules apply to petitions under 28 U.S.C. § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) (stating "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Additionally, the Court's Local Rules provide, "The Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254."  N.D. Fla. Loc. R. 5.7(C).

(1994); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (explaining that federal district courts have a duty "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."). That is what should happen here.

As previously discussed, Petitioner alleges he is being held in violation of his rights to due process and access to the courts. Petitioner does not allege any facts showing that his present pre-trial detention is unconstitutional. Instead, he scatters references to his other habeas case, national events, and a criminal prosecution of another person in another state.

Because Petitioner has not stated any arguable legal or factual basis for federal habeas relief, the petition should be dismissed. *See Allen v. Briggs*, 331 F. App'x 603, 606 (10th Cir. 2009) (dismissing § 2254 habeas petition as frivolous where petition lacked any arguable basis in either law or fact); *Davis v. Bush*, 289 F. App'x 670, 670-71 (5th Cir. 2008) (dismissing appeal of district court's dismissal of habeas petition as

frivolous where petition made no claims that were cognizable in a § 2241 petition).[3]

**B.    To the extent Petitioner seeks federal intervention in the state criminal proceedings, abstention is required under the *Younger* doctrine.**

To the extent Petitioner seeks the Court's intervention in the pending state court prosecution, dismissal is also warranted because of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under the *Younger* abstention doctrine, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final."  *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022).  *Younger* abstention is warranted when

---

[3] *See also Bonner v. Lumpkin*, No. H-24-2373, 2024 WL 3297365, at *3 (S.D. Tex. July 3, 2024) (dismissing § 2241 petition where petitioner had not raised any cognizable habeas claims); *Cooks v. Bradley*, No. 1:21-cv-161, 2021 WL 1784934, at *1 (M.D. Penn. May 5, 2021) (summarily dismissing § 2241 petition as frivolous where petitioner alleged his confinement was unconstitutional but did not seek speedier or immediate release); *Nanney v. Hooks*, 2018 WL 6247266, at * 2 (D.N.C. Nov. 29, 2018) (dismissing § 2254 habeas petition *sua sponte* under Rule 4 where none of the asserted grounds for relief stated a "recognizable constitutional violation," and petitioner did not cite any facts to support his "fanciful, frivolous, and/or delusional allegations" that the prosecutor and clerk of court picked the jury from "witness protection files" to guarantee a guilty verdict for "coke cola 1 million dollar prize money....").

"(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.* at 1099. There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, the requirements of *Younger* abstention are met. First, there is an active criminal case against Petitioner pending in the Pinellas County Circuit Court. *See State of Florida v. Lorusso*, Case No. 2024-CF-06524 (Pinellas Cnty. Cir. Ct.). Second, a state criminal prosecution involves important state interests. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses). Finally, there is no reason to believe that the Florida state court where the criminal action is pending will not afford Petitioner an adequate opportunity to raise the issues presented in his § 2241 petition.

Because the three requirements for *Younger* abstention are met, abstention is appropriate unless Petitioner has shown that an exception applies. *See Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 908, 912 (11th Cir. 2023) (recognizing that "the burden is on the plaintiff to show" that a *Younger* exception applies).[4]  None do.

Looking first to the bad faith exception, the Supreme Court has held that "bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid

---

[4] Petitioner is aware of *Younger* abstention and its exceptions because he has filed numerous habeas cases that were dismissed on this basis. *See, e.g.*, *Lorusso the State of Florida*, No. 1:25cv00160 (N.D. Fla. July 10, 2025) (dismissed as duplicative and based on *Younger* abstention); *Lorusso v. State Attorney's Office, et al.*, No. 1:25cv00111 (N.D. Fla. June 5, 2025) (same); *Lorusso v. Pinellas County Sheriff*, No. 8:25-cv-00189 (M.D. Fla. Jan. 28, 2025) (dismissed on grounds of exhaustion and *Younger*); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8: 25-cv-00188 (M.D. Fla. Jan. 28, 2025) (same); *Lorusso v. State Attorney Bruce Bartlett*, No. 8:25-cv-00343 (M.D. Fla. Feb. 11, 2025) (same); *Lorusso v. State Attorney Bruce Bartlett, et al.*, No. 8:25-cv-00345 (M.D. Fla. Feb. 11, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00355 (M.D. Fla. Mar. 20, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00356 (M.D. Fla. Feb. 14, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00357 (M.D. Fla. Feb. 14, 2025) (same); *Lorusso v. Warden, Pinellas County Jail*, No. 8:24-cv-02870 (M.D. Fla. Dec. 17, 2024) (same); *Lorusso v. Warden, Pinellas County Jail*, No. 8:25-cv-00081 (M.D. Fla. Jan. 17, 2025) (dismissed on several grounds, including *Younger*).

conviction." *Leonard*, 61 F.4th at 911 (cleaned up). Here, Petitioner does not allege the state prosecution was brought with no "reasonable expectation" of securing a conviction, and none of his allegations suggest that. Instead, his allegations describe another habeas case and events involving other people. Petitioner has not satisfied *Younger*'s bad faith exception.

The Court will now turn to the second exception. To show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner has not made such a showing here. There is no reason for the Court to believe that abstaining will result in Petitioner suffering irreparable injury.

Moving finally to the third exception, Petitioner has failed to show that the Florida state courts are an inadequate forum for his constitutional challenges. "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up). Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims

8

in the state courts." *Id.* (cleaned up).  Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in state court the same issues he has raised in his § 2241 petition.

For these reasons, abstention under *Younger* serves as an additional basis for dismissal of this case.  *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution).

## III.   Conclusion

Because the 28 U.S.C. § 2241 petition does not allege any legal or factual basis for habeas relief and is subject to *Younger* abstention, it should be dismissed.

## IV.   Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition.  *Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008).  "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  "At the COA

stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The second amended habeas petition under 28 U.S.C. § 2241 (Doc. 5) be **DISMISSED without prejudice** as frivolous and based on *Younger* abstention.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida this 11th day of August 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## <u>Notice to the Parties</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.